Stone *v.* Hubbard.

## AᵢI STONE *vs.* CHESTER HUBBARD.

The testimony of experts is admissible, where the figures expressing the date of an
   instrument are obscure and difficult to be deciphered, to show what the true
   date is.

The purchaser from an assignee in insolvency, of a promissory note payable to the
   insolvent or his order, and not indorsed either by the insolvent or the assignee,
   may maintain an action thereon, in the name of the insolvent, against the maker,
   if the insolvent interposes no objection.

THIS was an action of assumpsit to recover the amount of
a promissory note, made by the defendant, payable to the
plaintiff or his order, and alleged in the declaration to be
dated the 20th of March, 1844. The writ bore date of the
25th of September, 1849.

At the trial, which was in the court of common pleas, before
*Byington,* J., the plaintiff offered in evidence the note in suit,
which was not indorsed by him. The defendant admitted the
execution of the note.

It was in evidence, that the plaintiff petitioned for the benefit
of the insolvent law on the 11th of January, 1845, and that a
warrant was issued to a messenger on the same day to take
possession of his estate; that the first meeting of his creditors
was held on the 2d of February, when an assignee was chosen,
to whom all the property and estate of the insolvent, includ-
ing the note, were duly assigned; and that afterwards and
before the commencement of the action, the note was sold

---

and assigned by said assignee to John S. Bowker, who had since owned the same, and who had caused this action to be commenced and prosecuted in the name of the plaintiff. The defendant, who had duly specified this point in defence, now contended that the action was erroneously brought in the name of the plaintiff, and that it should have been brought in the name of his assignee. But the judge ruled that the action was properly brought in the name of Stone.

The defendant, who had also specified in defence the statute of limitations, contended that the true date of the note was the 30th of March, 1842, and not the 20th of March, 1844, as described in the declaration; and this was the only question submitted to the jury. In the figures expressing the date of the note, there appeared to be some peculiarity and ambiguity, the principal matter in dispute being whether the last figure was a 4 or a 2. To show what that figure or character was, the plaintiff offered in evidence the opinions of two witnesses as experts, one of whom then was, and the other had formerly been, the cashier of a bank in Worcester. They testified that they had been cashier of banks for several years, and had been in the habit of examining and were skilled in handwriting, and in discriminating between genuine and counterfeit writings; but that they had never seen the defendant write, and did not know his writing, or the manner in which he made figures. The defendant objected to the admission in evidence of the opinions of the witnesses, as to what the figure or character in question was; but the judge overruled the objection and admitted the witnesses, both of whom then testified, that the figure or character was, in their opinion, a 4, and that they thought that the date of the note was March 20th, 1844.

The jury returned a verdict for the plaintiff, for the amount of the note, and interest thereon from the 20th of March, 1844; and the defendant alleged exceptions.

*J. Mason,* for the defendant. 1. The action should have been brought in the name of the assignee in insolvency. *St.* 1838, *c.* 163, § 5. 2. The testimony of the witnesses offered as experts was incompetent. The question what the figure in question was should have been determined by the court, not

put to the jury. *Remon* v. *Hayward*, 2 Ad. & El. 666; *Crofts* v. *Marshall*, 7 Car. & P. 597; *Sheldon* v. *Benham*, 4 Hill, 129; 1 Greenl. Ev. § 280.

*C. H. B. Snow*, for the plaintiff.

BIGELOW, J. The testimony of the witnesses, offered as experts in handwriting, was rightly admitted. The rule is well settled, that when the characters in which a paper is written are obscure and difficult to be deciphered, the evidence of persons, whom practice and experience in examining writing have made skilful, is competent for the purpose of aiding the court or jury in arriving at a true reading of the document. Wigram on Wills, (3d ed.) 12, 188, 196; *Masters* v. *Masters*, 1 P. Wms. 425; *Norman* v. *Morrell*, 4 Ves. 769; *Sheldon* v. *Benham*, 4 Hill, 129. And see *Armstrong* v. *Burrows*, 6 Watts, 268.

The question whether this action can be maintained in the name of the present plaintiff, the payee of the note in suit, upon the facts disclosed at the trial, has been substantially determined by previous decisions of this court. *Hodges* v. *Holland*, 19 Pick. 43; *Sigourney* v. *Severy*, 4 Cush. 176; *Drury* v. *Vannevar*, 5 Cush. 442. The last case, being in many respects similar to the case at bar, is a very strong authority in favor of the maintenance of this action. The principle on which these decisions rest is, that the purchaser of the note has a right to recover all that is due upon it; that the rights of the promisor cannot be in any way prejudiced by a suit in the name of the payee, and if the latter does not interpose and object, the mode of enforcing the contract is wholly immaterial to the defendant, and constitutes no valid ground of defence.

In the case at bar, by the purchase from the assignee, the owner acquired all the property of the payee and of his assignee in the note and its proceeds, and a right to enforce its payment in the name of some one. The assignee, having received it without indorsement and having sold and transferred it by delivery only, the purchaser cannot maintain an action on it in his own name. It may be that a suit could be brought upon it in the name of the assignee; but of this we

express no opinion. See *Drury* v. *Vannevar, ubi sup.* It is upon its face like an ordinary chose in action, which can be enforced only in the name of the assignor; and we can see no technical objection to a suit in the name of the payee, upon these facts. There is no variance between the declaration and proof. The promise was originally to the payee or his order, and the note, never having been indorsed, on its face is still payable only to the plaintiff. The promise is directly to the party who sues. The rights of the defendant are wholly unaffected by an action brought in the name of the plaintiff, instead of being in the name of the assignee or purchaser. Indeed, the suit could not stand more favorably for the defendant. Every ground of defence, even the right of set-off, is open to him in a suit in the name of the payee. Rev. Sts. *c.* 96, §§ 1–11; *Clark* v. *Parker,* 4 Cush. 361, 365. A recovery in this action would be a good bar to any other suit upon the note, as the payee, his assignee and the owner of the note would be alike concluded by the judgment.

We are aware of the English authorities, in which it has been held, that after bankruptcy an action cannot be maintained in the name of the bankrupt, upon a contract made with him before bankruptcy, and that the assignee only has power to enforce such claims by suits in his own name. But these decisions were founded on the peculiar language of the act of 6 Geo. 4, *c.* 16, § 63, by which the assignees are not only expressly empowered to bring suit in their own names to recover debts due the bankrupt, but it is further provided that, after the assignment, " neither the bankrupt, nor any person claiming through or under him, shall have power to recover the same." There are no such negative words in our insolvent laws. And the earlier English decisions on this point are in effect overruled by the decision of the court of exchequer chamber, reversing the judgment of the court of queen's bench, in *Herbert* v. *Sayer,* 5 Ad. & El. N. R. 965, 974.

The effect of an objection by the payee to a suit in his name, in a case like the present, we have not considered, because in this case no such objection was interposed.

*Exceptions overruled.*